AMANDA N. LISKAMM
Director
WEI XIANG
Florida State Bar No. 85604
MEREDITH B. HEALY
Maryland Attorney ID No. 1212120008
AMY P. KAPLAN
District of Columbia Bar No. 1010279
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
450 Fifth Street, NW, Suite 6400
Washington, DC 20001
Telephone: (202) 532-4140
Emails: Wei.Xiang@usdoj.gov
Meredith.B.Healy@usdoj.gov
Amy.P.Kaplan@usdoj.gov

Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>LUIS RAMIREZ,<br><br>      Defendant. | Case No.   23CR2577-BAS<br><br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Amanda N. Liskamm, Director, and Wei Xiang, Meredith B. Healy, and Amy P. Kaplan, Trial Attorneys, U.S. Department of Justice, Consumer Protection Branch, and Defendant LUIS RAMIREZ, with the advice and consent of Miles Clark III, counsel for Defendant, as follows:

I

<b>THE PLEA</b>

A.    AGREEMENT OF DEFENDANT

Defendant agrees to waive Indictment and plead guilty to an Information charging Defendant with knowingly and willfully being a

Def. Initials 

1  party to a conspiracy of two or more persons to commit the following
2  offense, that is, to knowingly and with intent to defraud traffic in
3  one or more unauthorized access devices during any one-year period, and
4  by such conduct obtain anything of value aggregating $1,000 or more
5  during that period, affecting interstate or foreign commerce, and for
6  which any of the parties engages in any conduct in furtherance of the
7  offense, in violation of 18 U.S.C. § 1029(a)(2), (b)(2).

8      Defendant also agrees to waive any defense of venue and statute of
9  limitation for the filing of such Information in the Southern District
10 of California.

11     In addition, the attached financial addendum shall govern
12 forfeiture, restitution, and the fine in this case.

13     B.   AGREEMENT OF GOVERNMENT

14     In exchange for Defendant's guilty plea and other obligations in
15 this agreement, the Government agrees not to file any other charges
16 against Defendant for the conduct outlined in the factual basis
17 statement in Section II.B, below, unless Defendant breaches this plea
18 agreement or the guilty plea entered pursuant to this plea agreement is
19 set aside for any reason.

20             **II**

21     **NATURE OF THE OFFENSE**

22     A.   ELEMENTS EXPLAINED

23     The offense to which Defendant is pleading guilty has the following
24 elements:

25        1.   There was an agreement among two or more persons to
26 commit the following offense, that is, to knowingly, and with intent to
27 defraud, traffic in one or more unauthorized access devices during any
28

1   one-year period, and by such conduct obtain anything of value
2   aggregating $1,000 or more during that period, affecting interstate or
3   foreign commerce;

4        2.   The defendant knowingly and willfully became a member of
5   that agreement; and

6        3.   The defendant or another member of the conspiracy
7   engaged in conduct in furtherance of the offense.

8   B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

9        Defendant has fully discussed the facts of this case with defense
10  counsel. Defendant has committed each element of the crime and admits
11  that there is a factual basis for this guilty plea. The following facts
12  are true and undisputed:

13       1.   On or about February 22, 2016, Defendant knowingly and
14  willfully entered into an agreement with one or more other persons to
15  unlawfully traffic financial information of unsuspecting consumer
16  victims (individually, a "lead"; collectively, "leads", "data", or
17  "traffic"). The leads contained bank account numbers, which can be used
18  to obtain money or to initiate a transfer of funds.

19       2.   Defendant and his coconspirators (including, at times,
20  "CC-1" and "CC-2") sourced leads that originated from payday loan
21  applications of consumers across the United States. Defendant and his
22  coconspirators sold the data to a buyer based in Long Beach, California
23  ("Buyer-1", to whom Defendant had previously trafficked data in 2014),
24  knowing that Buyer-1 and Buyer-1's partner ("Partner-1") intended to
25  debit the bank accounts listed in the data, without authorization of
26  the consumer-victim accountholders, in amounts of approximately $40
27  each.

28

Plea Agreement

3

Def. Initials ___

3.     Defendant and other members of the conspiracy engaged in the following conduct, among others, in furtherance of the offense:

a.     On or about February 22, 2016, Buyer-1, copying Buyer-1's coconspirator employee "Buyer-2", sent an email to Defendant, stating in part, "Luis, [i]t has been a couple of years since we spoke, not sure if this email address is still yours, but we have clients looking for traffic and we have had high risk processing for both credit card and checks for about a year now. If you are still in the business, shoot me a number and time when we can talk."

b.     On or about August 1, 2016, CC-1 forwarded to Defendant an email from Buyer-2 transmitting File Transfer Protocol (FTP) login credentials and the "debit file format" for leads that Buyer-1 wanted.

c.     On or about December 6, 2016, Defendant, copying CC-1, sent an email to Buyer-2 that attached a lead list containing financial and employment information for more than 1,000 consumer-victims.

d.     On or about March 3, 2017, Defendant sent an email to Buyer-2 that attached a lead list containing financial and identifying information for approximately 2,500 consumer-victims.

e.     Between May and August of 2017, CC-1 provided tens of thousands of leads to Buyer-1 and Partner-1. Buyer-1 paid to CC-1 approximately $43,000 for those leads.

f.     In or around August 2017, Defendant and CC-2 separated from CC-1 and continued trafficking leads to Buyer-1 through November 2017, in exchange for payment of thousands of dollars.

4.     Defendant later worked for Buyer-1, Buyer-2, and

Def. Initials ___

Partner-1 in their scheme in other capacities until August 2021.

5. Defendant admits and agrees that more than $1,500,000 in loss was reasonably foreseeable to Defendant and within the scope of Defendant's agreement to traffic leads.

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 5 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100; and

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

In addition, Defendant shall be subject to an order of restitution to victims of the offense requiring Defendant to repay such persons at least $550,000.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole,

Def. Initials _____

or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. DEPARTMENT OF JUSTICE CONSUMER PROTECTION BRANCH

This plea agreement is limited to the U.S. Department of Justice, Consumer Protection Branch, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Def. Initials _____

1  Government's duty to provide complete and accurate facts to the district

2  court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2B1.1(a)(2)] | 6 |
| 2. | Loss Exceeded $1,500,000 [§ 2B1.1(b)(1)(I)] | +16 |
| 3. | Offense Involved 10 or More Victims [§ 2B1.1(b)(2)(A)(i)] | +2 |
| 4. | Offense Involved Trafficking of Any Unauthorized Access Device [§ 2B1.1(b)(11)] | +2 |

Def. Initials _U_

      5.   Acceptance of Responsibility [§ 3E1.1]    -3

**B.**   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

     1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

     2.   Falsely denies prior criminal conduct or convictions;

     3.   Is untruthful with the Government, the Court or probation officer; or

     4.   Breaches this plea agreement in any way.

**C.**   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above. Provided Defendant has zero criminal history points and agrees to not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 821 (USSG § 4C1.1), the Government will request at sentencing a downward variance equivalent to two offense levels, unless § 4C1.1 is in effect at Defendant's sentencing.

**D.**   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced within the advisory guideline range recommended by the Government at sentencing.

G.   SPECIAL ASSESSMENT

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $1,500,000. This waiver includes, but is not limited to, any argument that the statute of conviction or

1   Defendant's prosecution is unconstitutional and any argument that the
2   facts of this case do not constitute the crime charged. The only
3   exceptions are 1) Defendant may appeal a custodial sentence above the
4   high end of the guideline range recommended by the Government at
5   sentencing (if USSG § 5G1.1(b) applies, the high end of the range will
6   be the statutorily required mandatory minimum sentence), and
7   2) Defendant may collaterally attack the conviction or sentence on the
8   basis that Defendant received ineffective assistance of counsel. If
9   Defendant appeals, the Government may support on appeal the sentence or
10  restitution order actually imposed.

11                                  XII

12                    BREACH OF THE PLEA AGREEMENT

13       Defendant and Defendant's attorney know the terms of this agreement
14  and shall raise, before the sentencing hearing is complete, any claim
15  that the Government has not complied with this agreement. Otherwise,
16  such claims shall be deemed waived (that is, deliberately not raised
17  despite awareness that the claim could be raised), cannot later be made
18  to any court, and if later made to a court, shall constitute a breach
19  of this agreement.

20       Defendant breaches this agreement if Defendant violates or fails
21  to perform any obligation under this agreement. The following are non-
22  exhaustive examples of acts constituting a breach:

23           1.    Failing to plead guilty pursuant to this agreement;
24           2.    Failing to fully accept responsibility as established in
25                 Section X, paragraph B, above;
26           3.    Failing to appear in court;
27           4.    Attempting to withdraw the plea;
28

5.  Failing to abide by any court order related to this case;

6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or

Def. Initials _____

1  not file as part of this agreement, but later pursues because of a
2  breach by the Defendant. Additionally, Defendant knowingly,
3  voluntarily, and intelligently waives any argument that the statements
4  and any evidence derived from the statements should be suppressed,
5  cannot be used by the Government, or are inadmissible under the United
6  States Constitution, any statute, Rule 410 of the Federal Rules of
7  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
8  any other federal rule.

9                                XIII

10              CONTENTS AND MODIFICATION OF AGREEMENT

11      This plea agreement embodies the entire agreement between the
12  parties and supersedes any other agreement, written or oral. No
13  modification of this plea agreement shall be effective unless in writing
14  signed by all parties.

15                                XIV

16          DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

17      By signing this agreement, Defendant certifies that Defendant has
18  read it (or that it has been read to Defendant in Defendant's native
19  language). Defendant has discussed the terms of this agreement with
20  defense counsel and fully understands its meaning and effect.

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

AMANDA N. LISKAMM
Director, U.S. Department of
Justice, Consumer Protection Branch

12/11/23
_____
DATED

_____
WEI XIANG
MEREDITH B. HEALY
AMY P. KAPLAN
Trial Attorneys

10 - 30 - 23
_____
DATED

_____
MILES CLARK III
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

10/30/23
_____
DATED

_____
LUIS RAMIREZ
Defendant

Plea Agreement

Def. Initials _____

1   __United States v. Luis Ramirez__, Case No. _____

2   __FINANCIAL ADDENDUM__

3   1.   Defendant's conviction will include financial penalties such as a

4   forfeiture, restitution, and fine.  This Financial Addendum is incor-

5   porated into and part of Defendant's plea agreement, and the additional

6   terms and warnings below apply.

7   **A.   FORFEITURE**

8        i.   In addition to the penalties outlined in the plea agree-

9   ment, federal law states Defendant must forfeit to the United States

10  any property constituting or derived from proceeds obtained directly or

11  indirectly as a result of the violation.

12        ii.  As part of Defendant's guilty plea to Count One of the

13  Information, as set forth in section I of the plea agreement, Defendant

14  consents to the forfeiture allegations of the Information and agrees to

15  forfeit, via entry of a personal money judgment against Defendant, the

16  amount of $100,000.

17        iii. The money judgment against Defendant represents monies

18  subject to forfeiture to the United States as proceeds of illegal con-

19  duct in violation of 18 U.S.C. § 1029 and is subject to forfeiture to

20  the United States pursuant to 18 U.S.C. § 982(a)(2).  Defendant further

21  agrees that the conditions for the substitution of assets for the full

22  amount of the money judgment as set forth in 18 U.S.C. § 982(b) which

23  incorporates 21 U.S.C. § 853(p) exist, and the United States may execute

24  and collect the judgment against any and all other property up to the

25  full amount of the forfeiture judgment.

26        iv. **Defendant agrees that the criminal forfeiture money**

27  **judgment imposed by the Court will be (i) subject to immediate enforce-**

28  **ment, and (ii) submitted to the Treasury Offset Program so that any**

Financial Addendum                              Def. Initials  ___

federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture judgment. Defendant waives all notices with respect to the Treasury Offset Program and waives all rights to contest any and all offsets. Defendant waives all demand for payment of the forfeiture judgment and waives all notices for substitution of property to collect the full amount of the judgment.

        v.   Defendant acknowledges and agrees that the forfeiture in this case includes entry of a personal money judgment against Defendant, and that interest shall accrue on the judgment from the date of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 21 U.S.C. § 853(p) and actions available under the Federal Debt Collections Procedure Act. Defendant further agrees that the judgment may be executed against property wherever it is held and it waives all rights to contest the enforcement of the judgment. Defendant consents to the entry of the forfeiture judgment into the Treasury Offset Program and waives all notices of the Treasury Offset Program and all notices of offset.

B.   **<u>RESTITUTION</u>**

        i.   The crime to which Defendant is pleading guilty requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victims of the offense of conviction or the estates of the victims.

ii.   The parties agree that the number of identifiable victims is so large as to make restitution impracticable.  The parties also agree that determining complex issues of fact related to the amount of each victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

iii. The parties estimate the amount of restitution will be at least $550,000. Defendant understands that this is only an estimate based on currently available information. If the Court finds that 18 U.S.C. § 3663A(c)(3) is inapplicable, the parties will jointly recommend that Defendant pay restitution in the amount of at least $550,000, but the amount and the Government's recommendation may be higher depending on information at sentencing. The Court may impose restitution of any amount based on information available at sentencing. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea.  Defendant also agrees that nothing in this plea agreement or financial addendum limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office to calculate restitution.

iv.   The parties agree that notwithstanding any court order, the total amount of restitution will be due and payable in full when Defendant is sentenced.  The parties further agree that any payment schedule imposed by the Court establishes only a minimum obligation, and does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).  Defendant will make a good faith effort to

Financial Addendum

3

Def. Initials  _____

1  pay the full restitution.  Defendant waives all demand for payment of

2  restitution.

3      v.    The restitution shall be paid through the Office of the Clerk

4  of the District Court by bank or cashier's check or money order refer-

5  encing the criminal case number and made payable to the "Clerk, United

6  States District Court."

7      **C.   FINE**

8           i.   The parties agree that if the Court does not impose

9  restitution, the parties will jointly recommend that the Court order

10 Defendant to pay a fine in the amount of $100,000.  Any payment schedule

11 for a fine imposed by the Court establishes only a minimum obligation.

12 Defendant will make a good faith effort to pay any fine.  Regardless of

13 Defendant's compliance, any payment schedule does not limit the United

14 States' ability to collect additional amounts from Defendant through

15 all available collection remedies at any time.

16           ii.  The parties agree that notwithstanding any Court imposed

17 schedule for payment of a fine, the total amount of the fine shall be

18 due immediately and shall be deemed to be payable forthwith. Any payment

19 schedule imposed by the Court establishes only a minimum obligation.

20 Any payment schedule does not foreclose the United States from

21 exercising all legal actions, remedies, and process available to collect

22 the fine, including but not limited to remedies pursuant to 18 U.S.C.

23 §§ 3613 and 3664(m)(1)(A).  Defendant will make a good faith effort to

24 pay the fine.  Defendant waives all demand for payment of the fine.

25           iii. The fine shall be paid through the Office of the Clerk

26 of the District Court by bank or cashier's check or money order

27

28

Def. Initials _____

referencing the criminal case number and made payable to the "Clerk, United States District Court."

### D.   ADDITIONAL TERMS

i.   Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out or any restitution or fine ordered pursuant to this agreement, including any claim that the forfeiture, restitution, or fine constitutes an excessive fine or punishment under the United States Constitution.

ii.   The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2016 until the fine and restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

iii. Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to May 16, 2023), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since May 16,

2023, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets.  Additionally, Defendant agrees to continue to provide updated and current financial information sworn under penalty of perjury as requested by the United States until such time as the judgment debt, including the accrued interest, is paid in full. Defendant agrees to provide all supporting documentation for the financial statements including, but not limited to, state and federal income tax returns, bank and brokerage statements of accounts, and real property records.

iv.  From the date this financial addendum is executed until the fine, restitution, and forfeiture judgment are paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer, at least 30 days prior to the transfer.   This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

v.  Defendant understands that the fine and restitution are delinquent until paid in full. Until the fine and restitution are paid in full, Defendant shall immediately notify the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition.

Def. Initials _____

vi.  Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

vii. Defendant agrees that the restitution, fine, and any other monetary penalty imposed by the Court, will be entered into the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay the unpaid judgment amount. Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement that the debt be delinquent or past due.  Defendant waives all TOP notices, including notices of referral and entry into the TOP and of TOP offsets.  Defendant waives all rights to contest the TOP offsets.  Defendant acknowledges that all judgment debts remain past due until paid in full and there-fore, agrees that his debt will remain in the TOP until paid in full.

****

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

_10/30/23_
Date

_LUIS RAMIREZ_
Defendant

_10 - 30 - 23_
Date

_MILES CLARK III_
Defense Counsel

_12/11/23_
Date

_AMANDA N. LISKAMM_
Director

Financial Addendum

7

Def. Initials _LR_

WEI XIANG
MEREDITH B. HEALY
AMY P. KAPLAN
Trial Attorneys
United States Department of Justice
Consumer Protection Branch

8

Def. Initials